UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

NAMEL NORRIS,                                                :
                                                            :
                                    Plaintiff,              :
                    -against-                               :
                                                            :
                                                            :
                                                            :
684 PIZZA, INC., a New York corporation,                    :
d/b/a WEST SIDE PIE, and ENTERPRISE 51                      :
PARKING LLC, a New York limited liability                   :
company,                                                    :
                                                            :
                                    Defendants.             :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2025

25-CV-09090 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 3, 2025, Plaintiff sued 684 Pizza, Inc., d/b/a West Side Pie, and Enterprise 51 Parking, LLC, alleging that Plaintiff was "denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' property," in violation of the Americans with Disability Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York City Administrative Code, Dkt. 1;

WHEREAS on November 4, 2025, the Court ordered Plaintiff to file an amended complaint that adequately alleged standing or to show cause as to why the case should not be dismissed for lack of standing, Dkt. 7;

WHEREAS on November 7, 2025, Plaintiff filed the First Amended Complaint, Dkt. 8;

WHEREAS on November 12, 2025, because the First Amended Complaint still failed to adequately allege standing, the Court ordered Plaintiff to file a motion for leave to file an amended complaint that adequately alleged standing or to show cause as to why the case should not be dismissed for lack of standing, Dkt. 10;

1

WHEREAS on November 21, 2025, Plaintiff filed a motion and requested leave to file a proposed Second Amended Complaint, Dkt. 11; and

WHEREAS the proposed Second Amended Complaint likely adequately alleges standing because it, among other factors, asserts an approximate date that Plaintiff allegedly last attempted to enter Defendants' premises.

IT IS HEREBY ORDERED that leave to file a Second Amended Complaint is GRANTED.  Plaintiff must file the Second Amended Complaint **no later than Wednesday, December 3, 2025.**

IT IS FURTHER ORDERED that counsel for all parties must appear before the undersigned for an Initial Pretrial Conference ("IPTC") in accordance with Rule 16 of the Federal Rules of Civil Procedure on **March 6, 2026, at 10:00 a.m.** in Courtroom 20C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007.  **The Defendants' time to move against or answer the Complaint is stayed until the date of the IPTC, unless otherwise ordered.**  Pursuant to section 2.C of the Court's Individual Practices in Civil Cases, requests to adjourn the IPTC or any other conference must be made in writing at least 48 hours before the scheduled conference.  The request must state (1) the reason for the proposed adjournment; (2) the original date of the conference; (3) the number of previous requests for adjournment; (4) whether the other party or parties consent and, if not, the reason given for refusing consent; and (5) proposed alternative dates for the IPTC.

IT IS FURTHER ORDERED that **no later than February 12, 2026**, the parties must meet and confer for at least one hour in a good faith attempt to settle this case.  To the extent the parties are unable to settle the case themselves, the parties must also discuss whether further settlement discussions through the District's court-annexed mediation program or before this case's assigned Magistrate Judge would be helpful.

IT IS FURTHER ORDERED that **no later than February 26, 2026**, the parties must submit a joint letter of no more than five pages addressing the following in separate paragraphs: (1) a brief description of the case, including the factual and legal bases for their claim(s) and defense(s), (2) the basis for subject-matter jurisdiction, (3) any contemplated motions, and (4) the prospect for settlement, including (i) a confirmation that the parties have met and conferred consistent with the above and (ii) whether the parties request an immediate referral to either the court-annexed mediation program or the case's assigned Magistrate Judge.  Should the parties indicate that such a referral would be beneficial, the Court will ordinarily refer the case immediately to either the mediation program or a Magistrate Judge (consistent with the parties' stated preference) and adjourn the IPTC for sixty days or until the parties notify the Court that settlement efforts have failed, whichever is earlier.

The parties must append to their joint letter a jointly proposed Civil Case Management Plan and Scheduling Order.  The parties are directed to consult the undersigned's Individual Practices in Civil Cases, which may be found on the Court's website.  The parties are directed to propose realistic and workable deadlines for discovery.  The deadlines proposed in the Court's form Case Management Plan are generally appropriate for most routine cases unless, for example, substantial third-party discovery or e-discovery is anticipated.  The parties should assume that the deadline to complete fact discovery will not be extended absent very good cause.

IT IS FURTHER ORDERED that before the date of the IPTC, counsel for each party must (1) register as a filing user in accordance with the Procedures of Electronic Case Filing and (2) file a Notice of Appearance.  Plaintiff's counsel is responsible for distributing copies of this Order to all parties.  Counsel must distribute this Order within five days and file proof of such distribution within seven days of this Order's issuance.  Failure to timely comply with these

procedures may result in sanctions under Fed. R. Civ. P. 16(f), 28 U.S.C. § 1927, and/or the

inherent powers of the Court.


**SO ORDERED.**

**Date:  November 26, 2025**
       **New York, New York**

                        **HON. VALERIE CAPRONI**
                  **UNITED STATES DISTRICT JUDGE**

4